UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARIBEL REYES,

      Plaintiff,

  -against-

CAPITAL ONE BANK (USA), N.A. and
GLOBAL CREDIT & COLLECTION CORP.

      Defendant(s).
----------------------------------------------------------X

Civil Action No: CV 11 - 0500

**CLASS ACTION COMPLAINT**
**SUMMONS ISSUED**
**DEMAND FOR JURY TRIAL**

HURLEY, J.
BOYLE, M.J.

Plaintiff MARIBEL REYES ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendants CAPITAL ONE BANK (USA), N.A. and GLOBAL CREDIT & COLLECTION CORP hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.   Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and New York General Business Law §349 prohibiting unfair and deceptive practices.

## PARTIES

2.   Plaintiff is a resident of the State of New York, residing at 1351 Wilson Road, East Meadow, NY 11554.

3.   Defendant GLOBAL CREDIT & COLLECTION CORP is a professional corporation, with an address at 300 International Drive, PMB# 10015, Williamsville, NY

14221.

3. Defendant Capital One Bank (USA), N.A. is a company with a business address at 1680 Capital One Drive, McLean, Virginia.

4. The Defendants are a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection phone calls,

notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21. On information and belief, Defendant Capital One/and or Defendant Global Credit and Collection Corp., began collecting an alleged consumer debt from the Plaintiff.

22. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by mailing the Plaintiff letters.

23. The Defendant's Letter is dated November 7th, 2010 purports to be sent from Defendant Capital One concerning account ending #7808 and directs the Plaintiff to contact Defendant Global Credit at 1.800.955.6600.

24. The Defendant's Letter fails to include any of the required warnings under 15 USC §1692e (11) identifying themselves as a debt collector – and further violates 15 USC §1692e preface and e (10) by using a deceptive and misleading means in attempting to collect a debt.

25. The Defendant's Letter if sent directly from Defendant Capital One with permission from Global Credit to use their name and contact information as Capital One's debt collector thereby becomes Global Credit's agent and is therefore acting as a debt collector under 15 USC §1692a(6) and becomes subject to the requirements of the FDCPA.

26. The Defendant Global Credit by allowing Capital One to use it's name and contact information directing the consumer to contact Global Credit thereby giving approval to Capital one's collection letters and to act as it's agent has failed to ensure that the Letter contained the proper disclosures as required under the FDCPA- specifically 15 USC §1692e (11) and therefore violated 15 USC §1692e (11).

27. In the alternative if Capital One has not been authorized by Global Credit to use their contact information, then Capital One has violated 15 USC §1692e – preface and e (10) by using a deceptive, false and misleading means in connection with

collection of a debt and further violates 15 USC §1692f –preface by use and unfair and unconscionable means in connection with the collection of a debt. In the alternative if the letter has originated with Capital One then Global Credit has violated 15 USC §1692e –preface and e(10), 15 USC §1692f –preface and 15 USC §1692e(11).

28. On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff in October and November continuously.

29. On Monday, November 22, 2010 the Defendant received from the Plaintiff a cease and desist letter by certified mail, article # 7010 1060 0000 7319 5301and signed by Isaiah A.

30. Thereafter, the Defendant called the Plaintiff on Friday, November 26th, 2010 at 2:22 pm."

31. The Defendant by contacting the Plaintiff after having received her cease and desist letter violated 15 USC § 1692c(c).

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e10, 15 USC §1692e (11), 15 USC § 1692c(c) and 15 USC §1692f –preface.

34. As a result of Defendant's violations of the FDCPA, Plaintiff has been

damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff MARIBEL REYES hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff MARIBEL REYES demands judgment from the Defendants, CAPITAL ONE BANK (USA), N.A. and GLOBAL CREDIT & COLLECTION CORP as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k (2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k (2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k (a) (3);

E. A declaration that the Defendant's practices violated the FDCPA;

G. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
January 28, 2011

Respectfully submitted,

By: /s/
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor

New York, New York 10017
Phone: (212) 796-0930
Facsimile: (212) 330 - 7582

*Attorney for the Plaintiff Maribel Reyes*

To: GLOBAL CREDIT & COLLECTION CORP.
300 International Drive, PMB # 10015,
Williamsville, NY 14221

Capital One Bank (USA),
1680 Capital One Drive,
McLean, Virginia.

Clerk,
United States District Court, Eastern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE NO.:

MARIBEL REYES,

                Plaintiff(s),

-against-

CAPITAL ONE BANK (USA), N.A. and
GLOBAL CREDIT & COLLECTION CORP.,

                Defendant(s).

---

## COMPLAINT

---

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:   (212) 796-0930
Facsimile: (212) 330-7582